# COLLINS *v.* DISTRICT OF COLUMBIA.*

---

### ELECTRICITY; POLICE REGULTIONS.

1. Sec. 2 of the electric wiring regulations of this District, when considered in connection with the general purpose of the regulations, and in particular with secs. 5 to 8, requires that application to wire a building must be made and a permit granted before any work is done; and one who installs wires pending action upon his application is guilty of a violation of the regulation, and is properly convicted in the police court.

2. A municipal regulation, authorized by statute, prohibiting the erection in city buildings of wires for electric lighting, heating, or power, save after inspection and approval by the municipal authorities, is a reasonable exercise of the police power on behalf of the public safety.

No. 1796.   Submitted October 29, 1907.   Decided December 11, 1907.

IN ERROR to the Police Court of the District of Columbia.
*Judgment affirmed.*

The COURT in the opinion stated the facts as follows:

The plaintiff in error, John Collins, has been granted a writ of error to review a judgment of the police court convict-

---

*Electricity.*—For authorities on the question of police regulation of electric companies, see note to *State ex rel. Laclede Gaslight Co.* v. *Murphy,* 31 L.R.A. 798; negligence as to electric wires on or in buildings, see note to *Griffin* v. *United Electric Light Co.* 32 L.R.A. 400.

ing him of putting electric wires in a house without first having obtained a permit therefor.

The evidence tended to show that on April 23, 1907, the plaintiff in error made application to the inspector for permission to introduce electric wires, under moulding, into a house occupied by him as a tenant, in order to install and operate a one-half horse-power electric motor. This was returned to him to obtain the signature of the owner of the house. In the meantime he put up the wire in moulding from the basement to room four. It was left open at the place where the motor is to be connected, but none had been installed.

Motion was made to direct a verdict for the defendant on the following grounds: (1) The regulation does not require a permit to be obtained before doing the work, but only an application; (2) because the regulation is unreasonable in its restriction of the power of property owners to wire houses so long as no currents shall be introduced. This motion was overruled, and defendant found guilty of the offense charged.

The first section of the act of Congress approved April 26, 1904 [33 Stat. at L. 306, chap. 1602], which went into effect ninety days thereafter, gave the Commissioners power to make such regulations "respecting the production, use and control of electricity for light, heat, and power purposes, *  *  *  as in their judgment will afford safety and convenience to the public," and further empowers them to prescribe fees for the examination of electrical wiring, machinery, and appliances in buildings as they may deem proper. Sec. 2 requires examination to be made, under direction of the Commissioners, of buildings where electric current is produced or utilized, for the purpose of ascertaining violations of any provisions of the act, and, when construction is found defective or dangerous, to notify the owner, agent, etc., and require removal or amendment; and provides a penalty of $25 for each and every day of default, etc. Sec. 3 authorizes the employment of inspectors by the Commissioners. Sec. 5 makes it unlawful for any person generating electric current to connect his system and furnish current to any building the wiring of which shall not have been inspected

and approved by the inspector, and provides for the removal of the same under notice, in default of which a penalty is provided.

Pursuant to the authority conferred by this act, the Commissioners promulgated rules and regulations relating to all matters of electric construction, etc., which went into effect September 1, 1904. Sec. 1 of these regulations relates to new buildings. Sec. 2, the violation of which is here charged, reads as follows:

"Application for permission to introduce wires for electric lighting, heating, or power in any building already erected (which do not necessitate any change in the building itself), or to change or alter existing electric wiring in any building, must be made in the office of the electrical engineer previous to beginning work. Detailed plans showing the electric wiring system to be installed may be required in each case if deemed necessary by the electrical engineer. Cutting of joists and slotting of walls will not be allowed except by special permit of inspector of buildings."

Sec. 3 and 4 relate to installation of motors and granting of temporary permits in certain cases, and have no application in this case.

Sec. 5 provides for the issue of a certificate of approval upon the satisfactory completion of any instalment of electric wiring or apparatus; and the use of electric current previous thereto is punishable under sec. 12; and the connection may be removed, etc. Sec. 6 provides that a preliminary certificate may be issued in case of a completed installation, "but upon which no current will be used in the immediate future." This shall show that the installation was erected in accordance with the rules and regulations; but a second inspection shall be made prior to the introduction of the electric current, when a final certificate shall be issued. Secs. 7 and 8 provide that when electric work is ready for inspection a reasonable notice shall be given the electrical engineer, to provide time for inspection; and that no work shall be concealed from view until after inspection and approval. Sec. 9, relating to licenses, has been repealed. Sec. 10 provides a fee of $1, among other things, for each permit to

introduce, alter, or extend electric wiring in buildings. Sec. 11 provides that all work done under premits shall conform to the requirements of the rules. Sec. 12 provides a penalty for a violation of any of the provisions of the regulations, by a fine of not more than $25.

*Mr. James B. Archer, Jr.,* for the plaintiff in error.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The contention, on behalf of the plaintiff in error, is that sec. 2, with the violation of which he is charged, imposes but one obligation upon the owner or occupant of an old building, namely, to make *application* for permission, and does not require him to wait for action thereon before proceeding with the work. In other words, the application required is substantially a notice, only, of the party's intention to do the work at once. Grant that sec. 2 is "inartificially drawn," as contended, yet it does not follow that its meaning is not expressed with sufficient clearness to answer the general purposes of its framers. Taken by itself, the construction contended for might be correct; but when considered in connection with the general purposes of the regulation, as indicated in the other sections before recited in substance, such limitation of its meaning is inadmissible. The express object of the regulation is to furnish as complete protection as may be practicable against the great danger to the public consequent upon the use of electrical lighting and power, that has become so general. It is of prime importance that wiring for the purpose of introducing the electric current in either new or old buildings shall be permitted only upon compliance with reasonable rules looking to safety. For this reason the occupant of a building is required to make application for a permit, in which he must designate the premises and describe the proposed construction. That this application is preliminary

to inspection, and the necessary foundation for obtaining permission to do the wiring, whether the current is to be introduced at once or at some time in the future, is made clear by the other provisions, particularly those of secs. 5, 6, 7, 8, and 10.

It is only by inspection of the premises and the character of the proposed work, before granting the permit, that the danger to the public can be properly guarded against. The additional right to control the installation of the meter and the introduction of the current through the same would not answer the purpose, because the chief danger necessarily lies in the passage of the current through the wiring system, any defects in which would then be concealed from view.

The power to enact the regulation to the full extent of the meaning that has been given to sec. 2 is, we think, conferred by the act of Congress pursuant to which it was promulgated by the Commissioners. Nor can the regulation, as interpreted, be regarded as unreasonable in the sense that it is unnecessary and oppressive restriction of the ordinary rights of property. The importance and necessity of guarding against fires and their communication to adjacent buildings in towns and cities have always been regarded as within the police power. That this power extends to the provision of regulations controlling the introduction of the dangerous agency of electricity for light and power purposes in buildings is apparent. It is quite true that the owner of a building might without let or hindrance, as contended, erect wires along his walls for ordinary purposes of convenience; but when he erects or strings them for the express purpose of thereafter introducing an electric current, a different rule applies. The requirement that this shall not be done, save after inspection and approval by the municipal authorities, is clearly a reasonable exercise of the police power on behalf of the public safety.

The Police Court did not err in overruling the motion to direct a verdict; and its judgment is affirmed, with costs.

*Affirmed.*